UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**THOMAS JEROME TAYLOR,**

  **Petitioner,**

v.    Civil Action No. 2:18-cv-248

**J. RAY ORMOND,**

  **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Thomas Jerome Taylor's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondent J. Ray Ormond, Warden, Federal Correctional Complex ("FCC") Petersburg's ("Respondent") Response and Memorandum in Support of Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment to Petition for a Writ of Habeas Corpus and supporting memorandum, ECF Nos. 6-7. The matter was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE.**

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On August 11, 2006, Petitioner was sentenced to 195 months of incarceration followed by five years of supervised release after pleading guilty to possession of a controlled substance with intent to distribute. *See* ECF No. 7 at 2 (referencing *United States v. Taylor*, 1:05-cr-418-1 (M.D.N.C. Aug. 23, 2006)).

All disciplinary proceedings that are the subject of the instant Petition occurred while Petitioner was housed at FCC Petersburg. *Id.* at 3.

A. <u>Incident Reports issued to Petitioner by the Bureau of Prisons</u>

    *1. Incident Report 2726667 (hereinafter "IR No. 1")*

On June 15, 2015, Petitioner was issued IR No. 1, which charged him with a violation of Bureau of Prisons ("BOP") disciplinary code 112, for "use of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia not prescribed for the individual by the medical staff." *Id.* at 3. Petitioner confessed to the charge at the Disciplinary Hearing Officer's ("DHO") hearing, which was held on July 1, 2015. *Id.* The DHO imposed the following sanctions: (1) disallowance of forty-one days of good conduct time ("GCT"); (2) thirty days disciplinary segregation (suspended, pending clear conduct for 180 days); and (3) six months loss of commissary. *Id.*; ECF No. 1 at 2.

The DHO completed and signed the DHO Report on July 13, 2015. ECF No. 7 at 3. The Petitioner received a copy of the report on August 12, 2015. *Id.*; ECF No. 1 at 2. Approximately forty-one days passed between the DHO hearing and the Petitioner's receipt of the DHO Report. ECF No. 1 at 2. The Petitioner was advised of his right to appeal within twenty calendar days of

2

receiving the report, giving him until September 1, 2015, to file an appeal under the Administrative Remedy Program. ECF No. 7 at 4.

*2. Incident Report 2820914 (hereinafter "IR No. 2")*

On February 27, 2016, Petitioner was issued IR No. 2, which charged him with a violation of BOP disciplinary code 113, for the "possession of any narcotic, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by medical staff." *Id.* at 5. Petitioner confessed to the charge at the DHO hearing, which was held on March 9, 2016. *Id.* The DHO imposed the following sanctions: (1) disallowance of forty-one days of GCT; (2) disallowance of fourteen days non-vested GCT; (3) six months loss of visiting privileges; and (3) six months loss of phone privileges. *Id.*; ECF No. 1 at 3.

The DHO completed and signed the DHO Report on March 28, 2016. ECF No. 7 at 5. The Petitioner received a copy of the report on May 4, 2016. ECF No. 7 at 5; ECF No. 1 at 3. Approximately fifty-six days passed between the DHO hearing and the Petitioner's receipt of the DHO Report. ECF No. 1 at 3. The Petitioner was advised of his right to appeal within twenty calendar days of receiving the report, giving him until May 24, 2016, to file an appeal under the Administrative Remedy Program. ECF No. 7 at 5.

*3. Incident Report 3042173 (hereinafter "IR No. 3")*

On October 7, 2017, Petitioner was issued IR No. 3, which charged him with a violation of BOP disciplinary code 208, for "interference with, improper use of, or damage to, any security device, mechanism, or procedure." ECF No. 7 at 6. Petitioner confessed to the charge at the DHO hearing, which was held on October 18, 2017. *Id.* at 7. The DHO imposed the following sanctions:

(1) disallowance of twenty-seven days of GCT; (2) fifteen days disciplinary segregation; and (3) six months loss of commissary. *Id.* at 7; ECF No. 1 at 4-5.

B.  Appeals submitted by Petitioner through the Administrative Remedy Program

On February 13, 2018, Petitioner filed Regional Administrative Remedy Appeals ("Regional Appeal") for IR No. 1, IR No. 2, and IR No. 3. ECF No. 1 at 13, 21, 27. For IR No. 1 and IR No. 2, Petitioner's grievance was that he "had not received the DHO report until after the 15-day time-frame prescribed by PS 5270.09." ECF No. 1 at 4. For IR No. 3, Petitioner's grievance was that he "still had not received a copy of the DHO report following his . . . hearing." *Id.* at 5. On February 23, 2018, all three Regional Appeals were rejected for untimeliness. *Id.* at 2, 4, 5. For IR No. 1 and IR No. 2, Petitioner had the opportunity to refile the appeal with evidence "stating reason untimely filing was not [Petitioner's] fault." *Id.* at 14, 22. For IR No. 3, the rejection notice stated that Petitioner "did not provide a copy of the DHO report," but that Petitioner could resubmit his appeal "in proper form within 10 days[.]" *Id.* at 28.

Petitioner did not refile his Regional Appeals; instead, he filed a Central Office Remedy Appeal ("Central Appeal") for IR No. 3 on March 8, 2018, *Id.* at 29, and Central Appeals for IR No. 1 and IR No. 2 on March 10, 2018, *Id.* at 15, 23. For IR No. 1 and IR No. 2, the Central Appeal focused on "the failure of the institution to provide [Petitioner] the DHO report within 15 days." ECF No. 1 at 3, 4. For IR No. 3, the Central Appeal focused on "the fact that [Petitioner's] due process rights were being denied by the BoP's [sic] failure to provide the DHO report in a timely manner, to allow him to appeal the DHO conviction and the sanctions imposed thereby." *Id.* at 5. All three Central Appeals were rejected—IR No. 3 on March 23, 2018; IR No. 1 on April 2, 2018; and IR No. 2 on April 17, 2018. *Id.* at 16, 24, 30. The Central Office concurred with the

4

rationale of the Regional Office, and Petitioner was offered the opportunity to resubmit evidence to the Regional Office regarding culpability for the timeliness of his appeals. *Id.* Petitioner did not resubmit any of his Regional Appeals after his Central Appeals were rejected. *See* ECF No. 7 at 4-5, 6, 8.

C. Instant Petition submitted by Petitioner pursuant to 28 U.S.C. § 2241

On May 14, 2018, while still incarcerated in Petersburg, Virginia, Petitioner filed the instant *pro se* Petition pursuant to 28 U.S.C. § 2241. ECF No. 1 at 1. In the Petition, Petitioner concedes that he is not "challenging his convictions for violations of prohibited acts resulting in the disciplinary proceedings which are the subject of the instant Petition." *Id.* Rather, Petitioner asserts that the DHO failed to timely provide him with the DHO's Reports regarding three separate DHO hearings in violation of 28 C.F.R. § 541.8, the BOP's Program Statement 5270.09, and the Due Process Clause of the United States Constitution. ECF No. 1 at 6-7. In support of his claim, Petitioner states the following:

> Oftentimes, inmates must serve out the entirety of the sanctions imposed upon them by DHO before they receive a copy of the DHO report. This is egregious, and shows that sanctions are punitive and that the available administrative remedy process is nothing but a bureaucratic black hole which offers the same result whether or not it is utilized.

*Id.* Petitioner also states that the BOP "was given ample opportunity to correct the error of failing to provide [Petitioner] with DHO report(s) prior to the filing of the instant § 2241 Petition. All attempts were rejected." *Id.* at 7. As a remedy, Petitioner requests that his GCT be reinstated and that IR No. 3, having received no DHO Report at the time of his Petition, be expunged from his record. *Id.*

5

D. DHO Report for IR No. 3

On May 16, 2018, the DHO completed and signed the DHO Report for IR No. 3. ECF No. 7 at 8. The Petitioner received a copy of the DHO Report on June 20, 2018. *Id.* at 8. Approximately seven months passed between the DHO hearing and the Petitioner's receipt of the DHO Report. ECF No. 13 at 6. The Petitioner had twenty days, or until July 10, 2018, to file an appeal under the Administrative Remedy Program. ECF No. 7 at 16. Petitioner did not file an appeal for IR No. 3 once he received his DHO Report. *Id.*

E. Respondent's Motion

On October 5, 2018, Respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 6. Petitioner filed a Response to Respondent's Motion on December 3, 2018, ECF No. 13, to which Respondent filed a Reply on December 12, 2018, ECF No. 14. Accordingly, the Respondent's Motion to Dismiss, ECF No. 6, is ripe for recommended disposition.

## II.  DISCUSSION

Petitioner's main contention is that the DHO failed to timely provide him with the DHO's Reports regarding three separate DHO hearings in violation of 28 C.F.R. § 541.8, the BOP's Program Statement 5270.09, and the Due Process Clause of the United States Constitution. ECF No. 1 at 6-7.

Before considering the merits of the instant § 2241 Petition, the Court must ascertain whether it has jurisdiction over Petitioner's claims. Respondent does not dispute that § 2241 is the proper vehicle for asserting this type of claim, and for the reasons explained below, the undersigned **FINDS** that the Court does have jurisdiction to consider the instant § 2241 Petition.

A. 18 U.S.C. § 2241

Section 2241 petitions (such as the instant Petition) "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). The relevant portion of the statute provides that "(c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because the purpose of a § 2241 petition for a writ of habeas corpus is "to test the legality of detention," a petition can be brought pursuant to 28 U.S.C. § 2241 "'regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 502 U.S. 875 (1991) and citing *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982)). Here, because the instant § 2241 Petition challenges the way in which Petitioner's disciplinary proceedings were conducted, namely the DHO's failure to timely provide Petitioner with copies of DHO Reports regarding his disciplinary proceedings, § 2241 is the proper vehicle by which to assert his claims.

B. Exhaustion and Procedural Default

Although 28 U.S.C. § 2241 is silent regarding exhaustion, "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x. 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). Exhaustion of

7

administrative remedies "protects administrative agency authority" by granting the agency the opportunity "to correct its own mistakes with respect to the programs it administers," which discourages inmates from disregarding agency procedures; exhaustion also promotes efficiency by allowing the resolution of claims in a quicker, more economical fashion before filing in federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (internal quotations omitted)). To properly exhaust administrative remedies, an inmate must comply "with an agency's deadlines and other critical procedural rules." *Id.* at 90.

The BOP has established the Administrative Remedy Program through which an inmate may seek review of any disciplinary proceedings. *See* 28 C.F.R. §§ 542.10, *et seq.* If an inmate is the subject of an incident report, then a DHO hearing will be held. *Id.* § 541.8. To appeal a DHO hearing, an inmate may submit a Regional Appeal within twenty calendar days of receiving the DHO Report. *Id.* § 542.15(a); *see* ECF No. 1 at 12. If unsatisfied with the response, an inmate may also submit a Central Appeal, which is the final administrative appeal level. 28 C.F.R. § 542.15(a). Each filing must be "accompanied by one complete copy" of the previous filings, including a copy of the original DHO Report. *See* 28 C.F.R. § 542.15(b)(1). Compliance with each of these procedures "define the boundaries of proper exhaustion" that an inmate must meet before submitting a habeas corpus petition under 28 U.S.C. § 2241. *Jones v. Bock*, 549 U.S. 199, 218 (2007). However, a court can excuse failure to properly exhaust "upon a showing of cause and prejudice." *McClung*, 90 F. App'x at 445 (citing *Carmona*, 243 F.3d at 634-35).

> 1. *Exhaustion of Administrative Remedies and Procedural Default for IR No. 1 and IR No. 2*

Respondent contends that Petitioner failed to exhaust his administrative remedies regarding both IR No. 1 and IR No. 2 because he failed to appeal within twenty days of receiving his

respective DHO Reports. ECF No. 7 at 15. The deadline for submitting an appeal is "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). Each DHO Report states "[t]he inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." ECF No. 1 at 12, 20. Because Petitioner submitted both Regional Appeals well after the required deadlines, the Petitioner failed to comply "with an agency's deadlines," which is necessary for proper exhaustion. *Woodford*, 548 U.S. at 90.

In addition to submitting his Regional Appeals after the twenty-day deadline had expired, Petitioner failed to comply with "critical procedural rules" when he submitted his Central Appeals. *Id.* Each Regional Appeal directs Petitioner to "provide staff verification stating reason untimely filing is not [Petitioner's] fault." ECF No. 1 at 14, 22. Instead of complying with this rule, Petitioner submitted Central Appeals. *Id.* at 15, 23. Those Central Appeals also directed Petitioner to "provide a memo stating the late filing was not [Petitioner's] fault," which he should "re-submit to the level of the original rejection." *Id.* at 16, 24. Instead of providing such a memo, Petitioner filed the instant Petition, thereby failing to comply with those "critical procedural rules." *Woodford*, 548 U.S. at 90. Because these rejection notices "did not clearly foreclose [Petitioner's] administrative remedies," and instead provided him with additional actions he could take within the Administrative Remedy Program, Petitioner did not properly exhaust his administrative remedies. *Hrycuna v. Ormond*, No. 2:18-cv-246, 2019 U.S. Dist. LEXIS 47881, at *12 (E.D. Va. Feb. 19, 2019); *see also Tucker v. Helbig*, No. 8:13-cv-00401-RMG-JDA, 2013 U.S. Dist. LEXIS 170673, at *22 (D.S.C. 2013) (finding that the administrative remedy process was not properly completed when the appeal is returned for a deficiency).

Even though Petitioner has failed to exhaust his administrative remedies, the Court may still consider the merits of a petition "upon a showing of cause and prejudice." *McClung*, 90 F. App'x. at 445 (citing *Carmona*, 243 F.3d at 634-35). Regarding cause, a petitioner must show a "substantial reason" that "cannot be fairly attributed to him" for his failure to meet the prescribed timeframe. *Gomez v. Lewis*, No. 1:12CV387, 2014 U.S. Dist. LEXIS 169146, at *33 (M.D. N.C. Dec. 8, 2014) (quoting *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007)). Petitioner has not offered any explanation for his delay in filing his appeals.[1] Absent a sufficient demonstration of exceptional circumstances, an exception to the exhaustion requirement cannot be granted for IR No. 1 or IR No. 2. *See Timms v. Johns*, 627 F.3d 525, 533 (4th Cir. 2010).

In addition to demonstrating cause, Petitioner must demonstrate prejudice to overcome Petitioner's failure to properly exhaust. *See McClung*, 90 F. App'x at 445. Prejudice occurs "when the error actually affected the outcome of the proceedings." *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998). Even though Petitioner erred by failing to file his Regional Appeals for IR No. 1 and IR No. 2 within twenty days of receiving the respective DHO Reports, his delay did not affect the outcomes of his DHO proceedings because Petitioner does not challenge "his convictions for violations of prohibited acts resulting in the disciplinary proceedings" or the sanctions imposed for those violations. ECF No. 1 at 1. Without a challenge to some outcome of his proceedings, Petitioner has failed to articulate any prejudice arising from his late appeals as to

---

[1] Petitioner appears confused regarding his responsibility to provide a reason for the delay. *See* ECF No. 1 at 13 ("staff verification of why the appeal was 'untimely' . . . cannot be addressed until the initial . . . violation of failure to provide the DHO Report within the prescribed time-frame is addressed. Once that issue is addressed, then could the issue of the 'untimely' appeal be addressed; not before."). All administrative remedies, including timely filing, must be exhausted *before* the Court can address the merits of the case, i.e., the merits of Petitioner's claim that the DHO Report delay was a violation of Due Process, 28 C.F.R. § 541.8, and BOP Program Statement 5270.09.

10

IR No. 1 and IR No. 2. Because Petitioner has not alleged cause or prejudice, Petitioner's failure to properly exhaust cannot be excused.

Furthermore, the time for seeking those administrative remedies has expired. Respondent argues that Petitioner's "failure to timely appeal" IR No. 1 and IR No. 2 "constitutes a procedural default of his administrative remedies[.]" ECF No. 7 at 13. Generally, "[w]hen a habeas petitioner fails to exhaust administrative remedies and, as a result, loses the opportunity to pursue them, his claims will be procedurally defaulted in a § 2241 proceeding." *Neal v. Warden of FCC-Petersburg Petersburg*, No. 2:09CV406, 2010 WL 2024706, at *14 (E.D. Va. Apr. 22, 2010); *see also Carmona*, 243 F.3d at 633 (analogizing procedural default rules in state proceedings to administrative remedies in federal prison hearings); *Moscato*, 98 F.3d at 760 ("[F]ailure to satisfy the procedural rules of the Bureau's administrative process [by filing an untimely appeal] constitutes a procedural default."). However, the BOP Administrative Remedy Program allows for "an extension in filing time" when "the inmate demonstrates a valid reason for delay[.]" 28 C.F.R. § 542.14(b). The Court is unable to speculate on whether Petitioner may meet the requirements for such an extension. *See Neal*, 2010 WL 2024706, at *14. Therefore, although the undersigned does not specifically find that Petitioner's claims regarding IR No. 1 and IR No. 2 have been procedurally defaulted, the undersigned **FINDS** that Petitioner has failed to properly exhaust his administrative remedies for IR No. 1 and IR No. 2.

  2. *Exhaustion of Administrative Remedies and Procedural Default for IR No. 3*

Respondent alleges that Petitioner failed to exhaust his administrative remedies regarding IR No. 3 because he did not comply with BOP procedures. ECF No. 7 at 15. Inmates must provide a copy of the DHO Report with every appeal. 28 C.F.R. § 542.15(b)(1). When Petitioner filed his

Regional Appeal on February 13, 2018, his appeal was denied because he "did not provide a copy of the DHO Report [he] wished to appeal." ECF No. 1 at 28. Petitioner was not able to attach a copy of the DHO Report because he had not yet received a copy. However, Petitioner's failure to attach the DHO Report still violates BOP procedures; therefore, Petitioner failed to properly exhaust his administrative remedies before filing the instant Petition. *See Woodford*, 548 U.S. at 90 (including compliance with "critical procedures" as part of proper exhaustion); s*ee also Tucker*, 2013 U.S. Dist. LEXIS 170673, at *22 (D.S.C. 2013) (finding that the administrative remedy process was not properly completed when the appeal is returned for a deficiency).

Even when an inmate does not receive a DHO written decision within the proper timeframe, such a delay cannot serve as the basis for a successful habeas petition unless the inmate can show there was a prejudicial effect on the inmate's administrative appeal. *Griffin v. Ebert*, 640 F. App'x 181, 184 (3d Cir. 2016); *Cook v. Warden*, 241 F. App'x 828, 829 (3d Cir. 2007). Petitioner's appeal was not prejudiced because he "was free to re-file the appeal once he did receive a copy[.]" *Staples v. Chester*, 370 F. App'x 925, 930 (10th Cir. 2010). Petitioner alleges that "[o]ftentimes, inmates must serve out the entirety of the sanctions imposed upon them by DHO before they receive a copy of the DHO Report." ECF No. 1 at 6. Even if Petitioner was required to wait until he received the DHO Report, the length of the delay would only have prejudiced Petitioner's appeal if it had interfered with his projected release date. *See Staples*, 370 F. App'x at 930 (holding that an eight-month delay, "although unfortunate, did not cause any prejudice to [the inmate] in light of the length of time remaining before his projected release date"). Thus, the DHO's delay issuing the DHO Report had no prejudicial effect on the Petitioner's ability to appeal

the DHO's decision because the Petitioner was provided an opportunity to appeal following his receipt of the DHO Report.[2]

Respondent also alleges that Petitioner failed to exhaust his administrative remedies regarding IR No. 3 because he failed to timely file an appeal once he received a copy of the DHO Report. Petitioner received a copy of the DHO Report approximately one month after submitting the instant Petition. The deadline for submitting an appeal is "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). Further, the DHO Report states "[t]he inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." ECF No. 7, attach. 4 at 2. Because Petitioner did not submit an appeal, Petitioner failed to comply "with an agency's deadlines" as required for proper exhaustion. *Woodford*, 548 U.S. at 90.

Even though Petitioner has failed to exhaust his administrative remedies, Petitioner's Petition is still reviewable "upon a showing of cause and prejudice." *McClung*, 90 F. App'x at 445 (citing *Carmona*, 243 F.3d at 634-35). Regarding cause, Petitioner must show a "substantial reason" that "cannot be fairly attributed to him" for his failure to submit the appeals within the prescribed timeframe. *Gomez*, 2014 U.S. Dist. LEXIS 169146, at *33 (quoting *Hartman*, 492 F.3d at 358). Petitioner acknowledges that he received the DHO Report on June 20, 2018, in his Response on December 3, 2018, but he does not provide a reason for why he did not submit an appeal within the twenty days following his receipt of the DHO Report. ECF No. 13 at 6. In light

---

[2] Notably, the time within which Petitioner is permitted to appeal has now expired. Petitioner has not appealed within the prescribed time period, but he was given an opportunity to do so with no prejudice to Petitioner. *See* ECF No. 7 at 16.

of Petitioner's failure to allege any reason for his failure to properly exhaust, there is no dispute for the Court to resolve regarding cause. *See Moscato*, 98 F.3d at 760.

In addition to demonstrating cause, Petitioner must demonstrate prejudice to overcome Petitioner's failure to properly exhaust. *See McClung*, 90 F. App'x at 445. Prejudice occurs "when the error actually affected the outcome of the proceedings." *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998). Even though Petitioner erred by failing to file his Regional Appeal for IR No. 3 within twenty days of receiving the DHO Report, his delay did not affect the outcome of his DHO proceedings because Petitioner does not challenge "his convictions for violations of prohibited acts resulting in the disciplinary proceedings" or the sanctions imposed for those violations. ECF No. 1 at 1. Without a challenge to some outcome of his proceedings, Petitioner has failed to articulate any prejudice arising from his late appeal as to IR No. 3. Because Petitioner has not alleged cause or prejudice, Petitioner's failure to properly exhaust cannot be excused.

Furthermore, the time for seeking those administrative remedies has expired. Respondent argues that Petitioner's "failure to properly appeal" IR No. 3 "constitutes a procedural default of his administrative remedies[.]" ECF No. 7 at 15. Generally, "[w]hen a habeas petitioner fails to exhaust administrative remedies and, as a result, loses the opportunity to pursue them, his claims will be procedurally defaulted in a § 2241 proceeding." *Neal*, 2010 WL 2024706, at *14; *see also Carmona*, 243 F.3d at 633 (analogizing procedural default rules in state proceedings to administrative remedies in federal prison hearings); *Moscato*, 98 F.3d at 760 ("[F]ailure to satisfy the procedural rules of the Bureau's administrative process [by filing an untimely appeal] constitutes a procedural default."). However, the BOP Administrative Remedy Program allows for "an extension in filing time" when "the inmate demonstrates a valid reason for delay." 28

C.F.R. § 542.14(b). The Court is unable to speculate on whether Petitioner may meet the requirements for such an extension. *See Neal*, 2010 WL 2024706, at *14. Therefore, although the undersigned does not specifically find that Petitioner's claim regarding IR No. 3 has been procedurally defaulted, the undersigned **FINDS** that Petitioner has failed to properly exhaust his administrative remedies for IR No. 3.

C. Merits of Petitioner's Claim

Although the Court finds that Petitioner has failed to properly exhaust his administrative remedies, even if the Court were to consider the substance of Petitioner's claims, those claims lack merit.

Petitioner's main contention is that the DHO failed to provide him with his DHO Reports within fifteen days of his DHO hearings in violation of 28 C.F.R. § 541.8, the BOP's Program Statement 5270.09, and the Due Process Clause of the United States Constitution. 28 C.F.R. § 241.8 does not provide a specific timeframe within which the DHO must provide the written decision following a DHO hearing. *See* 28 C.F.R. § 541.8(h). Although BOP policy provides inmates should receive their DHO Reports "*ordinarily* within 15 work days of the decision," BOP Program Statement 5270.09 (emphasis added), "the BOP's violations of its own policies do not amount to a due process violation," *Bauer v. Warden*, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017) (citing *Riley v. Drew*, 2013 WL 2285941, at *5 (D.S.C. May 23, 2013)). Furthermore, Petitioner "has no constitutional right to receive the DHO Report within the 15-day period outlined in the BOP's regulations." *Reid*, 2017 U.S. Dist. LEXIS 84155, at *6-7, *aff'd*, 697 F. App'x 154. Petitioner does have a constitutional right to receive a copy of his DHO Reports, but as Petitioner did ultimately receive a copy of his DHO Reports for IR No. 1, IR No. 2, and IR No. 3, and as

such, his rights have been properly observed. *See generally* 28 C.F.R. § 541.8; *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). Therefore, even if the Court were to consider the merits of Petitioner's claims, his failure to receive his DHO Reports within fifteen days of the respective DHO hearings does not constitute a violation to which this Court can assign a remedy.

### III. RECOMMENDATION

In conclusion, while Petitioner properly invoked § 2241 as the vehicle to challenge the timing in which he received the DHO written decision, as detailed herein, the undersigned **FINDS** that Petitioner has failed to properly exhaust his administrative remedies with respect to IR No. 1, IR No. 2, and IR. No. 3. Failure to properly exhaust administrative remedies is sufficient to require dismissal. *See Rodriguez v. Ratledge*, 715 F. App'x. 261, 265 (4th Cir. 2017) ("Failure to exhaust administrative remedies typically results in dismissal without prejudice, in order to allow the refiling of an action once the administrative process is complete.").

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's Motion, ECF No. 6, be **GRANTED**. While Petitioner has failed to properly exhaust his claims, he still has the option under the BOP Administrative Remedy Program to request an "an extension in filing time" through which he may attempt to cure this failure. As such, the undersigned further **RECOMMENDS** the Petition, ECF No. 1, be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date

this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 6, 2019

17